UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>            Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>            Defendants. | Case No. 24-cv-00444-AMO (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Christopher Lee Card, who is currently in custody at the Santa Rita Jail ("SRJ"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate written Order. In the case at bar, Card seeks monetary damages, injunctive relief as well as punitive damages. Dkt. 1 at 9.[1]

The Court now reviews Card's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **DISMISSES** the complaint.

**I.    DISCUSSION**

    **A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Card.

1  Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v.*
2  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).
3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law. *West v.*
6  *Atkins*, 487 U.S. 42, 48 (1988).

### B.    Card's Claims

#### 1.    Background

Card has filed multiple actions in this Court, including a civil right action against the Union City Police Department and two Union City Officers, *Card v. Union City Police Department*, Case No. 23-cv-05613-AMO (PR), in which he that alleged that Defendants violated his constitutional rights by illegally arresting him or conducting an illegal search. *See* Dkt. 1 in Case No. 23-cv-05613-AMO (PR). On May 7. 2024, the Court dismissed the federal claims in that matter as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Dkt. 10 in Case No. 23-cv-05613-AMO (PR).

Meanwhile, in one of Card's other previous actions, *Card v. Judge Jason Chin, et al.*, Case No. 23-cv-05760-AMO (PR), Card named Alameda County Superior Court Judge Jason Chin, Alameda County Deputy District Attorney Ikuma, Alameda County Public Defenders Ra and Valentine, and Alameda County Psychologists Drs. Watt and Griffith. *See* Case No. 23-cv-05760-AMO (PR), Dkt. 1. In that action, the Court dismissed his claims for injunctive relief because the *Younger* abstention was warranted as to those claims. Case No. 23-cv-05760-AMO (PR), Dkt. 8 at 3-5 (citing *Younger v. Harris*, 401 U.S. 37, 43-54 (1971)). The Court dismissed without leave to amend all remaining claims for monetary damages against Judge Chin, the deputy district attorney, the public defenders, and the court-appointed psychologists. *See id.* at 5-6.

In the case at bar, Card claims that "this cause is closely related to '[Case No.] 23-cv-05760[-AMO (PR)]'" and "if the Honorable Judge Araceli Martinez-Olguin chooses to have the two separate matters merged, I have no objection . . . ." Dkt. 1 at 13. Card claims that "[his] demands have increased significantly from the '[Case No.] 23-cv-05760-AMO [(PR)]' relief

1  request." *Id.* Card elaborates, stating as follows: "This is due to several 'new claims,' several
2  'new civil rights violations,' and a host of 'new defendants' being accused of separate
3  infringements." *Id.* Card adds:

> Another reason why I increased my demands is because of "new[ly] discover[ed] evidence" against "Judge Chin," "Sue Ra," "Joshi Valentine," "Kevin Ikuma," "Dr. Amy Watt," and "Dr. Marlin Griffith," and some of the new evidence is the irrefutable evidence given by Sue Ra and her cooperation with my investigation, when she gives a damning statement to the California State Bar.

*Id.*

Since the time Card filed the present action on January 25, 2024 and to date, he has been incarcerated at SRJ. *See* Dkt. 1-1 at 1. Card's 62-page complaint is handwritten and, at times, difficult to decipher as each page is single-spaced with no paragraph breaks. *See generally* Dkt. 1. From what the Court could decipher, this action is similar to Case No. 23-cv-05760-AMO (PR) in that it does not involve Card's challenge to the conditions of his confinement. *See id.* Instead, his present complaint for injunctive relief and monetary/punitive damages asserts numerous claims about the criminal case against him. *See id.*

In Case No. 23-cv-05760-AMO (PR), the Court summarized Card's 8-page complaint as follows:

> Card alleges that on June 16, 2023, he faced unspecified charges in the Alameda County Superior Court, but the judge either removed his public defender or allowed Card to represent himself. [Case No. 23-cv-05760-AMO (PR), Dkt. 1] at 5. Sometime in either June, July, or October 2023, Card was interviewed by two different psychologists: Dr. Amy Watt and Dr. Marlin Griffith. *Id.* After various court proceedings involving Card's mental competency, Alameda County Judge Jason Chin found Card incompetent to stand trial on an unspecified date. *Id.* at 6. Card additionally claims the following:
>
> > Being that Judge Chin said "on the record" that he had [Dr.] Watt's report that found me competent, then on 8/11/23 he began a collusion with Joshi Valentine, Sue Ra, Kevin Ikuma, and [Dr.] Amy Watt to deprive [Card] of [his] right to have . . . due process of law, when [the judge] negate[d] [Card's] 7/10 evaluation with Watt citing a false claim that "[Card] refused to meet with Watt." when [the judge] was the person who told the court on 7/28/23 that "he had [the report]" and "Dr. Watt found [Card] competent."

United States District Court
Northern District of California

> *Id.* Thus, Card seeks monetary damages and
>
>> an injunction to stop the deprivation of [his] civil rights, and to force Judge Chin to honor [Card's] due process . . . rights regarding [Dr.] Amy Watt's first report that [the judge] claimed to have received and stated [Card] being competent to stand trial, [and] because of both [Dr.] Watt and Dr. Griffith's false reports of [Card] being incompetent, [Card is] now "unlawfully" being scheduled for placement in a mental institution on 11/3/23; and it is illegal . . . .
>
> *Id.*[FN 2]  Card also requests the Court "please make Judge Chin stop any placement orders or trying to force [Card] to take medication that [he] does not need . . . ." *Id.*  Card also seeks punitive damages. *Id.*
>
> [FN 2:] As mentioned above Card is still in custody at Santa Rita Jail as indicated in his latest filing, *see* [Case No. 23-cv-05760-AMO (PR),] Dkt. 7, and thus, contrary to his allegations, there is no indication that he had been transferred to any "mental institution" on November 3, 2023.
>
> Card names the following as Defendants: Judge Chin; Alameda County Deputy District Attorney Ikuma; Alameda County Public Defenders Ra and Valentine; and Alameda County Psychologists Drs. Watt and Griffith. *Id.* at 2-3.  Card claims that these aforementioned Defendants participated in "conspiracy; judicial misconduct; collusion resulting in deprivation of civil rights; perjury; falsification of documents; abuse of process; [and] attorney misconduct." *Id.* at 4.

Case No. 23-cv-05760-AMO (PR), Dkt. 8 at 2-3 (footnotes and brackets in original).

Meanwhile, in this action stemming from events that occurred in "Alameda County, Rene C. Davidson Superior Court Judge Jason Chin's [Penal Code ("PC")] 1368[2] hearings, and at [SRJ]," Card is suing 20 named defendants in their individual and official capacities, including: the Alameda County District Attorney's Office; the Alameda County Public Defender's Office; Alameda County District Attorney Pamela Price; Alameda County Deputy District Attorneys Alexis Causey, Nicholas Homer, Kevin Ikuma, Danielle London, and Ashley Carvolth; Alameda County Psychologists Drs. Amy Watt and Marlin Griffith; Alameda County Public Defender Brendon Woods; Alameda County Chief Deputy Public Defender Youseef Elias; Alameda County Deputy Public Defenders Joshi Valentine, Sarah Caren Spiegel, Aundrea Brown, and Daniel

---

[2] California Penal Code § 1368 sets forth California law as to a defendant's mental competency to stand trial. *See* Cal. Pen. Code § 1368.

4

Duvernay; Contra Costa County Judge Goodman; Contra Costa County; and California State Bar Investigators Jose Espitia and Jaymin Vaghashia. Dkt. 1 at 2-7. Under the question, "What are the facts underlying your claim(s)?," Card alleges that "malicious prosecution" by some of the Defendants from the Alameda County District Attorney's Office began on January 20, 2022. *Id.* at 8. Card then lists other claims, including: "'Double Jeopardy' [which] occur[red] on May 25th, 2022 & November 18th, 2023"; "May 5th, 2023, [the] District Attorney's Office 'concedes/dismiss[es]' [PC] 236.1(c)[3]"; "June 16th, 2023, 'Malicious Prosecution/Abuse of Process'"; "July 10th, 2023, '[18 U.S.C. §] 242: Deprivation of Rights Under the Color of Law'"[4]; "[18 U.S.C. §§] 241[5] &242 'Conspiracy Against Rights" & "Deprivation of Rights Under the Color of Law"; "Obstruction of Justice"; "Destruction of Evidence"; "Collusion"; "Perjury"; "Defamation of Character"; "Judicial Misconduct"; "Attorney Misconduct"; "Falsifying Documents"; & "Several 'Mental Health/Disability' violations have plagued [his] [PC] 1368 proceedings since the doubt-was-declared[6] [on] June 16th, 2023." *Id.*

### 2. Analysis

#### a. *Younger* Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Requests for

---

[3] California law prohibiting human sex trafficking can be found at California Penal Code section 236.1(b) and (c). *See* Cal. Penal Code § 236.1(b), (c).

[4] 18 U.S.C. § 242 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. *See* 18 U.S.C. § 242.

[5] 18 U.S.C. § 241 makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). *See* 18 U.S.C. § 241.

[6] When there is a question as to whether a defendant is mentally competent, a judge must state such a doubt on the record, which is called "declaring a doubt" as to the defendant's mental competence under California Penal Code § 1368(a). *See* Cal. Penal Code. § 1368(a). The judge must then order a hearing pursuant to California Penal Code §§ 1368.1 and 1369 and suspend the criminal proceedings until the question of the present mental competence of the defendant has been determined. *See id.* § 1368(b), (c).

declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Ct. of State of Cal. for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

Here, all three prongs of the *Younger* abstention test are met. First, the state criminal proceedings are still ongoing in the Alameda County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44-45). Third, Card can present his claims in the state trial and appellate courts.[7]

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Card does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54

---

[7] A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases) *abrogated on other ground by Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013), *and ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754 (9th Cir. 2014). That requirement is satisfied because the relief sought by Card—including various requests for injunctive relief—plainly would interfere with the state criminal case in a way that *Younger* disapproves. *See* Dkt. 1 at 8.

1   (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or
2   irreparable harm that would justify federal intervention).  The *Younger* factors weigh strongly
3   against interfering with California's criminal justice system.  Thus, *Younger* abstention is
4   warranted.  *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds *Younger*
5   abstention appropriate, the court may not retain jurisdiction and should dismiss the action).
6        Therefore, the Court **DISMISSES** Card's claims for injunctive relief.

### b. Other Bars to Relief

There are additional bars to Card's claims for monetary damages regarding the criminal proceedings.

### i. Official Capacity Claims

Card has sued all named defendants individually and in their official capacities seeking monetary relief.  Dkt. 1 at 2-7.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity.  *Id.* at 169.  As there has been no waiver here, Card's claims against the named defendants in their official capacities for monetary damages are barred by the Eleventh Amendment and necessarily **DISMISSED** with prejudice.

### ii. Individual Capacity Claims

Card's claims against Judge Goodman concern decisions he made involving Card's criminal case.  Dkt. 1 at 12.  Specifically, Card claims that "the warrant signed by [Judge Goodman] for [Deputy District Attorney] Causey was "malicious."  *Id.*  Because such a decision was made in Judge Goodman's judicial capacity, Judge Goodman has absolute immunity.  *See Pierson v. Ray,* 386 U.S. 547, 553-55 (1967).  Accordingly, such a claim against Judge Goodman is **DISMISSED**.

Similarly, Card's claims against the Alameda County District Attorney's Office and the prosecutors, including Defendants Price, Causey, Homer, Ikuma, London, and Carvolth, are **DISMISSED** because a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993).  Prosecutors

therefore are absolutely immune from liability for their conduct as "advocates" during the initiation and in pursuing of a criminal case, as is the case here. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Additionally, the Court **DISMISSES** Card's claims for relief under section 1983 against the Alameda County Public Defender's Office and all the public defenders for their allegedly deficient representation of Card because none of them are state actors. A public defender does not act under color of state law, an essential element of a claim under section 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, or even in the initial representation to determine a client's mental competency (such as in this action). *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Furthermore, the court-appointed psychologists who examined Card have absolute immunity for the alleged perjury in their statements to the superior court, and all claims against them are **DISMISSED**. A witness is absolutely immune from liability for his testimony in earlier state or federal court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officer witness at probable cause hearing); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

Card has also filed a claim against Defendants Espitia and Vaghashia, who are California State Bar investigators, based on their "obstensibly [*sic*] bias[ed] and lackadaisical investigations." Dkt. 1 at 12. However, such a claim is **DISMISSED** because absolute immunity extends to federal and state agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors. *See Butz v. Economou*, 438 U.S. 478, 514-15 (1978) (extending absolute immunity to Department of Agriculture officials); *Buckles v. King County*, 191 F.3d 1127, 1136 (9th Cir. 1999) (extending absolute immunity to Washington Growth Management Board, a real estate zoning board); *Romano v. Bible*, 169 F.3d 1182, 1186-88 (9th Cir. 1999) (extending absolute immunity to Nevada Gaming Control Board officials). Absolute immunity is extended to agency officials who perform prosecutorial and

judicial functions because administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court. *See Butz*, 438 U.S. at 513.

Finally, Card has not alleged grounds for municipal liability against Contra Costa County based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Card's claim against Contra Costa County is **DISMISSED.**

## II. CONCLUSION

For the reasons set forth above, this action is **DISMISSED** because *Younger* abstention is warranted as to Card's claims for injunctive relief. The Court also **DISMISSES** with prejudice all claims for monetary damages against the named Defendants in their official capacities. Lastly, the Court **DISMISSES** without leave to amend all claims for monetary damages against Judge Goodman, the Alameda County District Attorney's Office, the Alameda County Public Defender's Office, the district attorneys, the public defenders, the court-appointed psychologists, the State Bar investigators, and Contra Costa County. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

Further, the Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 2, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**